RIEGLER v HOLIDAY SKATING RINK, INC

1. CIVIL RIGHTS—ROLLER-SKATING RINK—EQUAL ACCOMMODATIONS—
HAIR—INJUNCTION.

A complaint for injunctive relief by a plaintiff who was denied admission to defendant's roller-skating rink because of the length of his hair and claimed that defendant's restriction denied him equal accommodations was properly denied where the language of the then applicable provisions of the equal accommodations statute clearly indicate that the Legislature intended to proscribe discrimination based on race, creed or color and plaintiff did not allege any such discrimination (MCLA 750.146 *et seq.*).

2. CIVIL RIGHTS—ROLLER-SKATING RINK—EQUAL ACCOMMODATIONS—
HAIR.

Under the equal accommodations statute, a roller-skating rink may exclude the rough, boisterous, and rowdyish element from its premises; however, such exclusion should be based on actual conduct, past or present, and a blanket exclusion of long-haired males would seem to discriminate in favor of females with the same hair length (MCLA 750.146 *et seq.*).

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 May 10, 1973, at Grand Rapids. (Docket No. 14207.) Decided July 24, 1973. Leave to appeal applied for.

Complaint by John Riegler against Holiday Skating Rink, Inc. for an injunction for equal accommodations. Judgment for defendant. Plaintiff appeals. Affirmed.

*McCroskey,   Libner,   Reamon,   Williams,   Van*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Civil Rights §§ 12, 34.
What businesses or establishments fall within state civil rights statute provisions prohibiting discrimination. 87 ALR2d 120.

*Leuven & Klukowski* (by *Timothy J. Bott),* for plaintiff.

Before: Danhof, P. J., and McGregor and Miles,* JJ.

Danhof, P. J. Plaintiff appeals from a final judgment of the Circuit Court of Muskegon County denying plaintiff's request for injunctive relief and entering a judgment of no cause of action in favor of defendant.

In January of 1972, plaintiff was denied admission to the defendant's roller-skating rink because of the length of his hair. The parties are agreed on the following facts: The sole reason for defendant's refusal to admit plaintiff was the length of plaintiff's hair; the hair-length test is applied uniformly to all males who attempt to enter defendant's roller-skating rink.

Defendant contends that there is a correlation between length of hair and rowdy deportment in his rink. Plaintiff claims that defendant's restriction denied him equal accommodations under MCLA 750.146 *et seq.;* MSA 28.343 *et seq.* as the statute read prior to its amendment effective April 18, 1972:

"Sec. 146. All persons within the jurisdiction of this state shall be entitled to full and equal accommodations, advantages, facilities and privileges of inns, hotels, motels, government housing, restaurants, eating houses, barber shops, billiard parlors, stores, public conveyances on land and water, theatres, motion picture houses, public educational institutions, in elevators, on escalators, in all methods of air transportation and all other places of public accommodation, amusement, and recreation, subject only to the conditions and

* Circuit judge, sitting on the Court of Appeals by assignment.

limitations established by law and applicable alike to all citizens and to all citizens alike, with uniform prices.

"Sec. 147. Any person being an owner, lessee, proprietor, manager, superintendent, agent or employee of any such place who shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities and privileges thereof or directly or indirectly publish, circulate, issue, display, post or mail any written or printed communications, notice or advertisement to the effect that any of the accommodations, advantages, facilities and privileges of any such places shall be refused, withheld from or denied to any person on account of race, creed or color or that any particular race, creed or color is not welcome, [is] objectionable or not acceptable, not desired or solicited, shall for every such offense be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than $100.00 or imprisoned for not less than 15 days or both such fine and imprisonment in the discretion of the court; and every person being an owner, lessee, proprietor, manager, superintendent, agent or employee of any such place, and who violates any of the provisions of this section, shall be liable to the injured party, in treble damages sustained, to be recovered in a civil action: Provided, however, That any right of action under this section shall be unassignable. In the event that any person violating this section is operating by virtue of a license issued by the state, or any municipal authority, the court, in addition to the penalty prescribed above, may suspend or revoke such license."

The language of the statute as it then read clearly indicates that the Legislature intended to proscribe discrimination based on race, creed or color. Since plaintiff did not allege any such discrimination, we affirm the judgment of the circuit court.

However, by 1972 PA 116, the Legislature amended the act. The following sentence was added to § 146:

"Rooming facilities at educational, religious, charita-

ble or nonprofit institutions or organizations, and restrooms and locker room facilities in places of public accommodation may be separated according to sex."

Section 147 was also broadened to proscribe discrimination based on national origin, sex or blindness, as well as discrimination based on race, color and religion. Consequently, our affirmance of the circuit court does not mean that plaintiff could not bring an action under the public accommodations act as it now reads if indeed defendant's practice of denying entrance to only males with long hair is a continuing one. Although it appears to be an issue of first impression in Michigan, other jurisdictions seem to be in general agreement that a roller-skating rink to which the general public is invited is a place of public amusement under similar statutes. 87 ALR2d 120, 160. Certainly, defendant may exclude "the rough, boisterous, and rowdyish element" from its premises. *Bolden v Grand Rapids Operating Co,* 239 Mich 318, 323; 214 NW 241 (1927). However, such exclusion should be based on actual conduct, past or present. A blanket exclusion of long-hair males would seem to discriminate in favor of females with the same hair length.

An analogy to suits challenging the constitutionality of school hair-length rules was made in the trial court. Our discussion is based on a construction of the specific statute involved and not on constitutional grounds. Furthermore, although the Federal courts are divided on the constitutionality of such rules, those cases upholding them are confined to the educational context and are based on the necessity of maintaining discipline and the promotion of safety in certain courses. *Gfell v Rickelman,* 441 F2d 444 (CA 6, 1971).

In view of the possibility of future litigation, we

raise one issue *sua sponte* not raised in the court below. MCLA 750.147; MSA 28.344 makes no express provision for injunctive relief. In 1956, the statute was amended to add a provision authorizing the suspension or revocation of a municipal or state license as an additional penalty for violation. Violators are also subject to misdemeanor prosecutions with possible minimum fines of $100 and/or jail terms of 15 days for each offense. In addition, the statute grants the injured party the right to maintain a civil action for treble damages. Other jurisdictions which have confronted the issue are divided on whether an injured party has the right to maintain a suit to enjoin the violation of similar statutes in the absence of a specific provision therefor. 171 ALR 920, 926. We are not prepared to hold that no such remedy exists under our statute, and we choose to leave the issue for future determination which will focus on the adequacy of the statutory remedy, the extent of irreparable injury and the possibility of a multiplicity of suits which could be prevented by injunctive relief.

Affirmed. No costs, a public question being involved.

All concurred.